UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-652 PA (ASx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Orlando Gonzalez, Jr. v. Ford Motor Company, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | | Not Reported | N/A |
| Deputy Clerk | | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss Plaintiffs' Second Amended Complaint ("Def.'s Mot.," Docket No. 6) filed by defendant Ford Motor Company ("Defendant"). Plaintiff Orlando Gonzalez, Jr. ("Plaintiff") has filed an opposition ("MTD Opp'n," Docket No. 14), and Defendant has filed a reply ("MTD Reply," Docket No. 15). Also before the Court is a Motion for Remand to Superior Court and Award of Costs and Expenses Resulting from Removal ("Pl.'s Mot.," Docket No. 16) filed by Plaintiff, to which Defendant has filed an opposition (Docket No. 20) and Plaintiff has filed a reply ("MTR Reply," Docket No. 21). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds these matters appropriate for decision without oral argument. The hearings calendared for March 25, 2019 are vacated, and the matters taken off calendar.

## I. Background

Plaintiff brings this action based on various alleged defects in a new 2016 Ford Fusion that he leased on June 6, 2016. (Second Amended Complaint ("SAC") ¶ 8, Docket No. 1-4.) Plaintiff alleges that the vehicle failed to conform to express and implied warranties, and that Defendant was unable to remedy those nonconformities. (Id. ¶¶ 8-19, 17, 21-24, 31-35, 46-48.) Rather than fixing the defects or making restitution, Defendant allegedly "sent Plaintiff a conditional settlement offer . . . that includes illegal and unenforceable terms . . . all of which constitute illegal efforts to induce Plaintiff to waive" various California statutory protections. (Id. ¶ 49.) The operative SAC asserts causes of action for (1) breach of express warranty under the Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"); (2) breach of implied warranty under the Song-Beverly Act; (3) violation of section 1793.2 of the Song-Beverly Act based on the settlement offer; (4) violation of California's Unfair Competition Law ("UCL"); and (5) violation of California's Consumer Legal Remedies Act ("CLRA"). (Id. ¶¶ 15-73.)

## II. Plaintiff's Motion to Remand

### A. Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-652 PA (ASx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Orlando Gonzalez, Jr. v. Ford Motor Company, et al. | | |

have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction may be based on diversity jurisdiction, which requires that all plaintiffs have a different citizenship from all defendants and that the amount in controversy exceed $75,000.00. See 28 U.S.C. § 1332.

A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

"The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (citing Schwartz v. FHP Int'l Corp., 947 F.Supp. 1354, 1360 (D. Ariz. 1996)). These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3).

**B.      Discussion**

Plaintiff filed his original complaint in the Los Angeles County Superior Court on May 1, 2018. (Notice of Removal ("NOR") ¶ 1, Docket No. 1; see NOR Ex. A, Docket No. 1-1.) The complaint included only Plaintiff's three causes of action under the Song-Beverly Act. (NOR ¶ 2; NOR Ex. A.) In the Prayer for Relief, Plaintiff sought damages "according to proof at trial"; "rescission of the purchase contract and restitution of all monies expended"; "diminution in value"; a "civil penalty in the amount of two times Plaintiff's actual damages"; "prejudgment interest at the legal rate"; and "reasonable attorney's fees and costs of suit." (NOR Ex. A, pp. 7-8.) Defendant filed an Answer on June 4, 2018. (NOR ¶ 1; see NOR Ex. B, Docket No. 1-2.) On November 26, 2018, Plaintiff filed a First Amended Complaint ("FAC") in which he added his UCL and CLRA causes of action and a request for an injunction. (NOR ¶ 3; see NOR Ex. C, Docket No. 1-3.) On December 26, 2018, Plaintiff filed the SAC, in which he added a request for punitive damages. (SAC, p. 12; see NOR ¶ 4.) Defendant received the SAC on December 28, 2018 and removed the action on January 28, 2019. (NOR ¶¶ 4, 7.)

In its Notice of Removal, Defendant contends that it first learned that the amount-in-controversy requirement for diversity jurisdiction was satisfied, and that the case was therefore removable, when it received Plaintiff's SAC. (NOR ¶¶ 7, 15.) In seeking to establish the amount in controversy, Defendant calculates Plaintiff's potential damages under the Song-Beverly Act as $16,737.89. (Id. ¶ 12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-652 PA (ASx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Orlando Gonzalez, Jr. v. Ford Motor Company, et al. | | |

Defendant asserts that the requested civil penalty under the statute puts an additional $33,475.78 in controversy, for a total of at least $50,213. (Id. ¶ 13.) Defendant asserts that the amount is increased due to Plaintiff's request for attorneys' fees, alleging that

> Plaintiff's law firm, the Knight Law Group (formerly known as O'Connor Mikhov), has filed hundreds of cases against Defendant Ford. Plaintiff's counsel routinely seeks attorneys' fees in excess of $20,000. For example, in a recent case involving a Ford Focus, Plaintiff's law firm sought a total attorneys' fees award of $108,022.50. As another example, Plaintiff's law firm also sought $20,130 in attorney's fees in a case involving a Ford Focus. Therefore, based on Plaintiff's counsel's history of requesting fee awards in excess of $20,000, it is reasonable to value Plaintiff's attorneys' fee requests in his prayer for relief at $20,000.

(Id. ¶ 14 (citations omitted); see Docket Nos. 1-6, 1-7.) Finally, Defendant alleges that "it was not until Plaintiff included a claim for punitive damages in the SAC that it became evidently clear that the amount in controversy was in excess of $75,000.00." (NOR ¶ 15.) Defendant summarizes that

> taking the amount necessary to cover the alleged actual damages at issue, including potential civil penalties (no less than $50,213.67), an expected attorneys' fee demand (in excess of $20,000), and a claim for punitive damages at the constitutional limit (but in no event less than a one-time multiplier of the $50,213.67 damages award identified above), Defendant is informed and believes **the amount at issue in Plaintiff's SAC now exceeds $122,427**. This amount does not include other damages that Plaintiff seeks to recover. When adding these sums together, Defendant is informed and believes that the amount in controversy in Plaintiff's SAC now exceeds the $75,000 jurisdictional minimum.

(Id. ¶ 16.)

      In his motion, Plaintiff contends that removal was untimely because Defendant could have determined that the amount-in-controversy requirement was satisfied from the face of his original complaint or his FAC. (Pl.'s Mot. at 3, 5; MTR Reply at 2-6.) Plaintiff focuses on the amount put in controversy by his request for attorneys' fees, asserting that Defendant has a "customary pattern and practice of removing cases similar to this one on the sworn statements from [Defendant's] counsel that 'routine' attorney's fees in these cases exceed $65,000 or $100,000." (Pl.'s Mot. at 5-7; see Docket No. 16-5.) According to Plaintiff, "[h]ad Defendant applied its usual and customary calculations and estimations to the facts alleged in Plaintiff's Complaint on May 1, 2018, or to the facts alleged in Plaintiff's FAC on November 26, 2018, Defendant would have thereby ascertained potential damages in an amount in excess of the jurisdictional threshold." (Pl.'s Mot. at 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-652 PA (ASx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Orlando Gonzalez, Jr. v. Ford Motor Company, et al. | | |

"Although every complaint is either capable of being removed or not, for the purpose of assessing timeliness we do not treat the concept as a strict dichotomy. Rather, some pleadings are 'indeterminate' in the sense that the face of the complaint does not make clear whether the required jurisdictional elements are present." Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1139 (9th Cir. 2013) (citing Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 693 (9th Cir. 2005)).

> [N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. Thus, the first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper.

Harris, 425 F.3d at 694. "Thus, even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation . . . ." Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1125 (9th Cir. 2013).

Under the Song-Beverly Act, if a manufacturer is unable to make a new motor vehicle conform to applicable express warranties after a reasonable number of attempts, it "shall either promptly replace the new motor vehicle . . . or promptly make restitution to the buyer." Cal. Civ. Code § 1793.2(d)(2). "In the case of restitution, the manufacturer shall make restitution in an amount equal to the actual price paid or payable by the buyer . . . ." Id. § 1793.2(d)(2)(B). That amount "may be reduced by the manufacturer by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle" for repair. Id. § 1793.2(d)(2)(C). A buyer who establishes a violation of the statute "shall recover damages and reasonable attorney's fees and costs, and may recover a civil penalty of up to two times the amount of damages." Id. § 1794(e)(1).

Here, neither the original complaint nor the FAC alleged any specific amounts that Plaintiff sought to recover, although Plaintiff's lease agreement was attached to both. The amount-in-controversy requirement was not satisfied based only on Plaintiff's damages and potential civil penalty under the Song-Beverly Act as determined from the lease agreement. The lease agreement states the "Total of Payments" that Plaintiff would make was $30,191.30, but $9,232.00 of the amount due at the lease's signing was from a "[r]ebate [or] noncash credit." (See Compl. Ex. 1, Docket No. 1-1.) Accordingly, even without any applicable reductions under the statute, Plaintiff's damages would not exceed $20,959.30, and including the civil penalty, the amount in controversy would not exceed $62,877.90. Neither the original complaint nor the FAC provided a basis for determining specific amounts placed in controversy by the other requested relief, such as attorneys' fees or injunctive relief. While Defendant might have been able to submit evidence of those amounts and remove this action earlier, it was not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-652 PA (ASx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Orlando Gonzalez, Jr. v. Ford Motor Company, et al. | | |

required to do so. See Kuxhausen, 707 F.3d at 1139, 1141 n.3; Roth, 720 F.3d at 1125. Defendant's conduct in other cases is not relevant to the timeliness of removal here, as removability does not depend on its subjective knowledge. See Harris, 425 F.3d at 694. The Court thus cannot conclude that Defendant was charged with notice of removability upon receipt of the original complaint or the FAC.

Plaintiff asserts in passing that removal was untimely because Defendant filed its Notice of Removal 31 days after receipt of the SAC. (Pl.'s Mot. at 6.) Defendant received the SAC on December 28, 2018. (NOR ¶¶ 6-7.) Because 30 days later (January 27, 2019) fell on a Sunday, Defendant's removal the following day, on January 28, was timely. See Fed. R. Civ. P. 6(a).

Accordingly, Plaintiff's motion to remand on the basis of untimeliness is denied.[1]

### III. Defendant's Motion to Dismiss

#### A. Legal Standard

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules of Civil Procedure ("Rules") allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), they also require all pleadings to be "construed so as to do justice," Fed. R. Civ. P. 8(e). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of [a] claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Twombly, 550 U.S. at 561 (second alteration in original) (quoting Conley). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556. For a complaint to meet this standard, the

---

[1] Plaintiff also asserts that remand is required because Defendant has not established this Court's subject matter jurisdiction. Plaintiff argues that Defendant "fails to establish that Plaintiff would be entitled to attorneys' fees in excess of $20,000, or any other amount in this action. Specifically, Defendant has not provided any relevant details—such as number of hours, billing rate, or complexity of the case—to support attorneys' fees in any amount." (MTR Reply at 6-7.) Although this argument was raised for the first time in Plaintiff's reply, the Court addresses it because the Court has an independent obligation to determine whether subject-matter jurisdiction exists. See Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 773 (9th Cir. 2017). Plaintiff does not cite any cases requiring the details that he contends are necessary. The Court finds Defendant's allegations sufficient.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-652 PA (ASx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Orlando Gonzalez, Jr. v. Ford Motor Company, et al. | | |

"[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")); see also Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." (quoting Burgert v. Lokelani Bernice Pauahi Bishop Tr., 200 F.3d 661, 663 (9th Cir. 2000))). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotation marks omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**B.      Discussion**

As a preliminary matter, Plaintiff argues that Defendant's motion should be denied because Defendant's counsel failed to comply with Local Rule 7-3's requirement that counsel confer with the opposing side at least seven days before filing a motion. (MTD Opp'n at 5-6.) Plaintiff contends that the violation was "particularly consequential" because the issues raised in Defendant's motion could be cured by amending the SAC. (Id.) The Court will not deny Defendant's motion on this basis, as Plaintiff has not established that he was prejudiced and, as will be explained, the deficiencies in the SAC could not be cured by amendment. See L.R. 7-4 ("The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 . . . ." (emphasis added)).

        1.      Plaintiff's Causes of Action Under the Song-Beverly Act

Defendant argues that Plaintiff fails to state a claim for his first and third causes of action because Plaintiff does not allege the terms of any express warranty. (Def.'s Mem. P. & A. at 10-11, Docket No. 6-1; MTD Reply at 5.) However, the "more liberal federal pleading rules do not require such specific allegations. Rather, the facts need only demonstrate that plaintiff can prove a plausible cause of action for breach of express warranty." Yoon v. Subaru of Am., Inc., No. CV 08-03366 SJO (JTLx), 2008 WL 11340332, at *2 (C.D. Cal. Sept. 2, 2008) (alteration, citation, and internal quotation marks omitted) (quoting Mauro v. Gen. Motors Corp., No. CIV. S-07-892 FCD GGH, 2008 WL 2775004, at *8 (E.D. Cal. July 15, 2008))); see Jolley v. Carmax Auto Superstores W. Coast, Inc., No. CV 15-09382 RGK (SSx), 2016 WL 8923917, at *3 (C.D. Cal. Feb. 8, 2016).

Defendant also argues that Plaintiff fails to state a claim for all three of his causes of action under the Song-Beverly Act because he does not adequately allege how any warranties were breached. (Def.'s Mem. P. & A. at 11; MTD Reply at 5-6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-652 PA (ASx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Orlando Gonzalez, Jr. v. Ford Motor Company, et al. | | |

"Plaintiffs stating a breach of express warranty claim [under the Song-Beverly Act] must meet the following elements: (1) the product had a defect or nonconformity covered by the express warranty; (2) the product was presented to an authorized representative of the manufacturer for repair; and (3) the manufacturer or its representative did not repair the defect or nonconformity after a reasonable number of repairs." Arteaga v. Carmax Auto Superstores W. Coast, Inc., No. CV-14-1888 RSWL (CWx), 2014 WL 3505527, at *3 (C.D. Cal. July 11, 2014) (citation omitted) (citing Gonzalez v. Drew Indus. Inc., 750 F. Supp. 2d 1061, 1073 (C.D. Cal. 2007)). "A breach of the implied warranty of merchantability occurs if the product lacks 'even the most basic degree of fitness for ordinary use.'" Id. at *5 (quoting Birdsong v. Apple, Inc., 590 F.3d at 955, 958 (9th Cir. 2009)). "[T]he implied warranty of merchantability guarantees that consumer goods meet the following requirements: (1) pass without objection in the trade under the contract description; (2) are fit for the ordinary purposes for which such goods are used; (3) are adequately contained, packaged, and labeled; and (4) conform to the promises or affirmations of fact made on the container or label." Id. at *5 n.1 (citing Cal. Civ. Code § 1791.1(a)).

Here, Plaintiff alleges that his vehicle was subject to express warranties under which Defendant "undertook to preserve or maintain the utility or performance of Plaintiff's vehicle or to provide compensation if there was a failure in such utility or performance." (SAC ¶ 8; see id. ¶ 46.) Plaintiff also alleges that the vehicle was subject to implied warranties of fitness and merchantability. (Id. ¶¶ 31-32.) Plaintiff alleges that he received the vehicle with defects and nonconformities and that others developed later, "including, but not limited to, engine, electrical, structural and transmission defects." (Id. ¶ 9; see id. ¶ 17.) These defects and nonconformities allegedly substantially impair the use, value or safety of the vehicle; make it unfit for its ordinary purpose; and make it of a lesser quality than those that are generally acceptable. (Id. ¶¶ 21, 33-35.) Plaintiff alleges that he brought the vehicle to an authorized repair facility, but Defendant was unable to conform the vehicle to the warranties and has neither replaced the vehicle nor made restitution. (Id. ¶¶ 22-24, 47-48.) These allegations are sufficient to state a claim for breach of express and implied warranties. See, e.g., Jolley, 2016 WL 8923917, at *3-4.[2/]

Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's causes of action under the Song-Beverly Act.

        2.        <u>Plaintiff's Cause of Action Under the UCL</u>

Among other reasons, Defendant argues that Plaintiff's UCL cause of action fails because there is an adequate remedy at law under the Song-Beverly Act. (Def.'s Mem. P. & A. at 20-21.) Defendant also argues that Plaintiff's UCL cause of action must be dismissed because Plaintiff cannot establish a

---

[2/]     Defendant also requests that the SAC's demand for civil penalties under the Song-Beverly Act be dismissed "because Plaintiff admits that Ford actually offered to buy back the vehicle." (MTD Reply at 6.) The Court does not address this argument because Defendant raised it for the first time in its reply. See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-652 PA (ASx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Orlando Gonzalez, Jr. v. Ford Motor Company, et al. | | |

right to injunctive relief, arguing that he refused Defendant's offer and there is no risk that another will be made to him. (Id. at 19-20; MTD Reply at 11-12.)

Plaintiff's UCL cause of action is based on the allegedly unlawful settlement offer that Defendant made. Plaintiff alleges that Defendant "regularly extends illegal buyback offers that have the effect of inducing consumers to accept[] offers that do not comport with governing law or, as occurred here, forcing consumers to seek legal representation and incur other costs to obtain the remedies to which they are entitled under governing statutory law." (SAC ¶ 61.) Plaintiff alleges that he "and other members of the general public have no other adequate remedy at law in that [Defendant] has and will continue to extend illegal buyback offers to consumers if injunctive relief is not imposed." (Id. ¶ 62.) Plaintiff further alleges that he "has lost money or property and suffered injury in fact" because, among other things, he "has been delayed in receiving a replacement vehicle or refund because he is unwilling to forfeit his rights by proceeding with the unfair transaction." (Id. ¶ 63.) Plaintiff seeks "a public injunction." (Id. ¶ 64.) Plaintiff states that he is not seeking restitution. (MTD Opp'n at 12.)

Under the UCL, "[a]ny person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments . . . as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition . . . or as may be necessary to restore to any person in interest any money or property . . . which may have been acquired by means of such unfair competition." Cal. Bus. & Prof. Code § 17203. "Apart from civil penalties, which are not at issue here, the UCL provides only equitable remedies. A plaintiff seeking equitable relief must establish that there is no adequate remedy at law available. Thus, statutory relief under the UCL is subject to fundamental equitable principles, including inadequacy of the legal remedy." Durkee v. Ford Motor Co., No. C 14-0617 PJH, 2014 WL 4352184, at *2 (N.D. Cal. Sept. 2, 2014) (citations and internal quotation marks omitted). Here, Plaintiff's UCL claim is based only on Defendant's allegedly unlawful repurchase offers, which allegedly violate the Song-Beverly Act and are the basis for his third cause of action. (See SAC ¶ 60.) Plaintiff thus has an adequate remedy at law under the Song-Beverly Act. See, e.g., Madrigal v. Hint, Inc., No. CV 17-02095-VAP ( JCx), 2017 WL 6940534, at *4-5 (C.D. Cal. Dec. 14, 2017) ("[L]egal and equitable claims based on the same factual predicates are not true alternative theories of relief but rather are duplicative. . . . Thus, Plaintiff may not plead her equitable claims in the alternative to her claims of breach of warranty . . . .").

Additionally, "[a] plaintiff must demonstrate constitutional standing separately for each form of relief requested. For injunctive relief, which is a prospective remedy, the threat of injury must be actual and imminent, not conjectural or hypothetical. In other words, the threatened injury must be certainly impending . . . . Where standing is premised entirely on the threat of repeated injury, a plaintiff must show a sufficient likelihood that he will again be wronged in a similar way." Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 967 (9th Cir. 2018) (citations and internal quotation marks omitted). Here, the SAC's allegations indicate that Plaintiff has rejected Defendant's offer and would not accept it if presented again. Plaintiff therefore lacks standing to pursue injunctive relief under the UCL. See Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1021-22 (9th Cir. 2004)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-652 PA (ASx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Orlando Gonzalez, Jr. v. Ford Motor Company, et al. | | |

(concluding that plaintiff lacked standing to pursue injunctive relief because she "currently has no contractual relationship with Defendants and therefore is not personally threatened by their conduct").

Accordingly, the Court dismisses Plaintiff's cause of action under the UCL. "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) (citation omitted). Because amendment could not cure these deficiencies, leave to amend is not warranted.

       3.       Plaintiff's Cause of Action Under the CLRA

Among other reasons, Defendant argues that Plaintiff's fifth cause of action, under the CLRA, should be dismissed because the alleged offer to repurchase Plaintiff's vehicle does not fall within the terms of the statute. (Def.'s Mem. P. & A. at 16-17; MTD Reply at 10-11.)

The CLRA makes unlawful certain "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). A "consumer" is "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." Id. § 1761(d). Here, Plaintiff's CLRA cause of action is based entirely on Defendant's allegedly unlawful repurchase offer. (See SAC ¶ 69.) Defendant is not a consumer under the CLRA, so, its alleged offer to repurchase Plaintiff's vehicle could not relate to a "sale . . . to [a] consumer." The offer thus falls outside the scope of the statute. See Durkee, 2014 WL 4352184, at *3 (dismissing similar claim); Robbins v. Hyundai Motor Am., No. SACV 14-00005-JLS (ANx), 2014 WL 4723505, at *10 (C.D. Cal. Aug. 7, 2014) (same).

Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's cause of action under the CLRA. Because Plaintiff could not remedy these deficiencies with amendment, the cause of action is dismissed without leave to amend.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Remand to Superior Court and Award of Costs and Expenses Resulting from Removal (Docket No. 16) is denied, and Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint (Docket No. 6) is granted in part and denied in part. Specifically, the Court denies Defendant's motion to dismiss Plaintiff's first, second, and third causes of action under the Song-Beverly Act. The Court grants Defendant's motion to dismiss Plaintiff's fourth cause of action, under the UCL, and fifth cause of action, under the CLRA, and dismisses those causes of action without leave to amend. Defendant shall file an Answer to the SAC's remaining causes of action within 14 days of the date of this order.

       IT IS SO ORDERED.